El Pueblo de Puerto Rico, demandante y apelado, *v.*
Fernando Quiñones Jiménez, acusado y apelante.

Núm. 11,197.—*Sometido:* Enero 16, 1946. *Resuelto:* Enero 28, 1946.

*Alfonso Lastra Chárriez,* abogado del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar* y *J. Rivera Barreras, Fiscal Interino, Corte Suprema,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El apelante, acusado y convicto del delito de portar ilegalmente un revólver, fué condenado a la pena de dos meses de cárcel; y no estando conforme con dicha sentencia interpuso el presente recurso, alegando en apoyo del mismo que la corte inferior cometió error al condenarle, no obstante la licencia que para portar armas le había sido concedida por la Corte de Distrito de Humacao, la cual licencia se encontraba en pleno vigor en la fecha a que se refiere la denuncia.

De la prueba documental ofrecida por el fiscal aparece que en julio 6 de 1942, el apelante radicó ante la Corte de Distrito de Humacao una petición para que se le autorizara "para portar un revólver o pistola, en la Isla de Puerto Rico,

de acuerdo con la Ley Prohibiendo Portar Armas''. El peticionario alegó, bajo juramento, que además de dedicarse a la agricultura ''explota un negocio de vaquería y se dedica a la compraventa de ganado''; que con motivo del negocio de compraventa de ganado, el peticionario ''tiene que trasladarse a distintos pueblos de la Isla conduciendo grandes sumas de dinero a distintas horas del día y de la noche''; y que el peticionario ''tiene fundado temor de que su vida corra peligro mientras conduce los dineros para atender a las compras y los que conduce producto de las ventas de ganado en distintos pueblos de la Isla''. Aparece, además, que en septiembre 17 de 1942, la corte dictó una resolución declarando con lugar la solicitud y autorizando a Fernando Quiñones Jiménez ''a portar armas de fuego, revólver o pistola, en toda la jurisdicción de la Isla de Puerto Rico, por el término de un año a partir desde esta fecha''. De la citada resolución copiamos lo siguiente:

''Por Cuanto, señalado día para la vista de este caso compareció el peticionario en persona asistido de su abogado. . . . , estando presente el fiscal. . . . , *practicando prueba que a juicio de la Corte justifican y ratifican las alegaciones de su petición;*

''Por Cuanto, se le dió traslado de los autos al Hon. Fiscal, quien ha informado que no tiene objeción alguna que hacer en este caso por haberse cumplido con todos los requisitos de ley;

''Por tanto, etc.'' (Bastardillas nuestras.)

La prueba admitida en el acto del juicio demuestra—y el apelante así lo admite—que el arma le fué ocupada al acusado mientras la portaba, no en su residencia, y sí en la casa residencia de Rafael Aponte, en donde ocurrieron ciertos hechos que dieron lugar al arresto del acusado apelante y a la ocupación del revólver que portaba. Empero, el apelante sostiene que por virtud de la licencia que le fuera otorgada, él estaba legalmente autorizado para portar el revólver en el momento y en el sitio en que le fué ocupado.

La ''Ley Prohibiendo Portar Armas'', aprobada

en 9 de marzo de 1905 y enmendada por la Ley núm. 14 de 25 de junio de 1924, página 115, dispone:

"Sección 6.—Podrán usar armas legalmente:

11. *Los conductores de fondos privados mientras los tuvieren bajo su guarda,* previa autorización de la corte de distrito correspondiente, ante la cual justificará el conductor de tales fondos o sus patronos, la necesidad de la licencia." (Bastardillas nuestras.)

"Sección 7.—En adición a las licencias a que se refiere el inciso 11 del artículo precedente, podrá concederse licencia para uso de armas por la corte de distrito del domicilio del solicitante, *previa audiencia del fiscal, si se probare, a juicio de la corte, peligro de muerte o de grave daño personal para el peticionario* y las circunstancias del caso, demostradas mediante declaraciones juradas del solicitante y de testigos, justificaren la necesidad de la licencia." (Bastardillas nuestras.)

Basta leer las disposiciones legales que acabamos de transcribir para comprender que el estatuto faculta a las cortes de distrito para expedir dos clases distintas de licencias para portar armas, proveyendo dos procedimientos distintos para la obtención de cada una de dichas licencias.

Cuando un individuo obligado a conducir fondos privados desea portar un arma para proteger dichos fondos y también su persona, todo lo que tiene que hacer, de acuerdo con el inciso 11 de la sección 6, supra, es presentar una solicitud y probar ante la corte de distrito la necesidad de la licencia que solicita. La ley ni siquiera exige que se oiga o se notifique al fiscal. Probada la necesidad de conducir los fondos desde un lugar a otro, la corte está facultada para autorizar al conductor a portar un arma, pero solamente "mientras tuviere los fondos bajo su guarda".

El procedimiento para obtener la licencia que autoriza la sección 7 de la Ley, supra, o sea para portar armas en cualquier momento y en cualquier sitio dentro de la Isla, es algo más estricto. El solicitante de la licencia debe alegar y probar, mediante su propia declaración y las de testigos,

que ha sido amenazado y se encuentra en peligro de perder la vida o de sufrir grave daño personal; y que tiene necesidad de portar un arma para fines de defensa. La licencia en tales casos no puede ser concedida sin la previa audiencia del fiscal.

El acusado apelante, acogiéndose a lo dispuesto en la sección 6, inciso 11 de la Ley, solicitó licencia para portar un arma mientras estuviere conduciendo los fondos necesarios para comprar o los procedentes de las ventas de ganado en distintos pueblos de la Isla. La corte oyó la prueba ofrecida por el solicitante para sostener las alegaciones de su petición y estimó que la prueba era suficiente, pero excediéndose en sus facultades le concedió una licencia que de acuerdo con la Ley no podía concederle. La corte no podía concederle la licencia autorizada por la sección 7 de la Ley, porque para ello hubiera sido necesario que el solicitante alegara y probara que se encontraba en peligro de muerte o de sufrir grave daño personal. La prueba ofrecida por el solicitante tendió a justificar la necesidad de la licencia para portar un arma durante la conducción de fondos.

El apelante no puede alegar ignorancia de la ley y mucho menos desconocimiento de lo que bajo juramento alegó en su petición y declaró en el acto de la vista.

Apareciendo de la evidencia que la portación del revólver por el acusado en el día de autos no tenía relación alguna con la conducción o guarda de fondos, es forzoso concluir que al portar dicha arma sobre su persona y fuera de su residencia el acusado apelante cometió el delito por el cual ha sido sentenciado.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. Todd, Jr., no intervino.