EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ RODRÍGUEZ POLANCO, acusado y apelante.

*Número:* CR-76-258        *Resuelto:* 26 de septiembre de 1977

*Carmelo L. Marcucci,* abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Ricardo Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El Ministerio Público acusó a José Rodríguez Polanco por la alegada comisión de los delitos de asesinato en primer grado, infracción al Art. 8 de la Ley de Armas y alteración de la paz. El jurado emitió veredicto de culpabilidad por los delitos de asesinato en segundo grado y violación a la Ley de Armas y el tribunal lo encontró culpable del tercer cargo. Se sentenció al acusado a cumplir de quince a veinticinco años de reclusión por el delito de asesinato, de dos a cinco años por la violación a la Ley de Armas y a seis meses de cárcel por alterar la paz.

El apelante funda su recurso ante nos en dos señalamientos. Sostiene que erró el tribunal al rechazar su moción para que desestimara la acusación por infracción a la Ley de Armas, en vista de que él poseía una licencia válida para portar un arma de fuego, y que erró asimismo al hallársele culpable de asesinato en segundo grado, ya que la prueba a su entender no sostiene una convicción por un delito mayor que el de homicidio voluntario.

El 17 de enero de 1975 la Sala de Guayama del Tribunal Superior le expidió al apelante, residente de dicho distrito, una licencia para la portación del arma que se describe en la misma. La licencia limitó la portación autorizada a los distritos judiciales de San Juan, Ponce y Caguas. Se sujetó igualmente el permiso a que el peticionario se encontrase realizando aquella labor o actos que motivaron la solicitud. De

la autorización concedida se desprende que la razón de su solicitud fue que "el peticionario es comerciante y que en gestiones de su negocio frecuentemente lleva sobre su persona fuertes sumas de dinero y teme por su seguridad personal."

Los hechos que dieron margen a la acusación ocurrieron en el distrito de Guayama. Portaba el apelante el arma en circunstancias no autorizadas por la licencia, según surge de los hechos a que más adelante se alude, y en un distrito no comprendido entre los mencionados en la misma. La contención del apelante es que si se tiene licencia para portar armas limitada a ciertos distritos judiciales, portarla en otros no constituye delito sino meramente causa de revocación de la licencia. No le asiste razón. El Art. 8 de la Ley de Armas, Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. sec. 418, dispone:

"Toda persona que porte, conduzca o transporte cualquier pistola, revólver o cualquier otra arma de fuego cargada, o que porte, conduzca o transporte cualquier pistola, revólver, o cualquier otra arma de fuego y al mismo tiempo porte, conduzca o transporte municiones que puedan usarse para disparar tal pistola, revólver u otra arma de fuego, sin tener una licencia para portar armas expedida según más adelante se dispone, será culpable de delito grave."

El Art. 21 de la referida ley, 25 L.P.R.A. sec. 431, provee en parte:

"Las licencias a que se refiere esta sección . . . deberán contener:

. . . . . . . .

(b) Lugar, tiempo y circunstancias en que podrá portarse el arma."

No cabe duda de que las licencias sólo autorizan a portar un arma legalmente en el lugar, tiempo y circunstancias expresados en ella. Para que la portación sea válida, en recta interpretación del Art. 8 citado, debe contarse con una licencia debidamente expedida y portarse el arma conforme a sus

términos. Compárese: *Pueblo* v. *Quiñones*, 65 D.P.R. 581 (1946). El hecho de que tal actuación también dé base a la revocación de la licencia no afecta la existencia del delito. Actuó correctamente el tribunal al negarse a desestimar la acusación y al someter a la consideración del jurado la prueba relativa a la infracción a la Ley de Armas.

■ El segundo planteamiento es igualmente inmeritorio. La prueba ofreció base suficiente al jurado para rendir un veredicto de asesinato en segundo grado. Se desprende de los hechos que el 6 de julio de 1975 el acusado se personó en un Templo Pentecostal en Guayama. El acusado comenzó a burlarse de las personas que participaban en el culto religioso. Profería palabras obscenas. Llevaba un vaso conteniendo bebidas alcohólicas. Intentó apoderarse de un micrófono. Se llamó a un policía para que atendiese la situación. Nadie más intervino en la iglesia con el apelante. El policía logró conducirlo fuera del templo. Afuera ocurrió un forcejeo que, de acuerdo con el testimonio del propio acusado, no fue muy violento. El acusado sacó su revólver e hirió de muerte al policía. El tribunal le impartió al jurado instrucciones sobre asesinato en primer grado, asesinato en segundo grado y homicidio voluntario. Debemos respetar la determinación del juzgador de los hechos. *Pueblo* v. *Colón Obregón*, 102 D.P.R. 369 (1974). La prueba ofreció base suficiente para el veredicto de culpabilidad de asesinato en segundo grado. *Pueblo* v. *Méndez*, 74 D.P.R. 913, 921, 922 (1953); *Pueblo* v. *Reyes Lara*, 100 D.P.R. 676 (1972); *Pueblo* v. *Túa*, 84 D.P.R. 39 (1961); *Pueblo* v. *Pantoja Aguayo*, 97 D.P.R. 236 (1969) y *Pueblo* v. *Febres*, 78 D.P.R. 893 (1956).

*Se confirman las sentencias apeladas.*

El Juez Asociado Señor Rigau no intervino.