FRANCISCA RIVERA VDA. DE MORALES, demandante y recurrente, *v.* HÉCTOR DE JESÚS TORO, demandado y recurrido.

*Número:* R-78-91          *Resuelto:* 8 de noviembre de 1978

*R. E. Febus Bernardini,* abogado de la recurrente; *Héctor Lugo Bougal,* abogado del recurrido.

PER CURIAM: El 15 de junio de 1974 Héctor de Jesús Toro dio muerte a Angel Luis Morales mientras éste instalaba un portón frente a su casa en el Barrio Tallaboa Saliente de Peñuelas. La agresión fue presenciada por la viuda de la víctima; y dos hermanas vecinas del lugar llamadas Magdalena y Madeline Feliciano, de 15 y 17 años, respectivamente, a la fecha del suceso. El autor de la muerte fue acusado de asesinato en primer grado[1] y un jurado de Ponce trajo un veredicto de culpabilidad por homicidio voluntario. El 4 de marzo de 1975 se le dictó sentencia de 3 a 5 años de reclusión, suspendida en el acto y puesto el convicto bajo un régimen probatorio que no contiene condición alguna relativa a compensación económica de la viuda demandante que había estado

---

[1] No aparece que se le acusara por portación ilegal de armas, a pesar de que él describió su gestión ese día como la de llevar almuerzo a dos empleados e inspeccionar la labor de éstos. E.N.P. 9–10. Sobre portación ilegal por persona con licencia, véase *Pueblo* v. *Quiñones,* 65 D.P.R. 581 (1946) y la prohibición del Art. 21 de la Ley de Armas (25 L.P.R.A. sec. 431) en lo que concierne a personas que supervisen obreros mientras se encuentren en el sitio de trabajo.

unida en matrimonio al occiso por más de 16-1/2 años, hasta ese mismo día.

Más de cuatro años han transcurrido sin que esta sociedad haya provisto más reparación del agravio que representa la extinción de la vida de uno de sus miembros. A pesar de que la cónyuge superviviente radicó demanda de daños y perjuicios el 12 de agosto de 1974 y de que instruimos al juez de instancia para que al resolver el pleito civil tomara en consideración, como evidencia prima facie de acto criminoso, el pliego acusatorio, el veredicto y la sentencia del caso criminal a tenor de lo resuelto en *Toro Lugo* v. *Ortiz Martínez*, 105 D.P.R. 229 (1976), atendemos ahora con la prontitud que ofrece la Regla 50 de nuestro Reglamento, al recurso de revisión de la demandante contra sentencia de 7 de febrero de 1978 que desestimó su demanda.

La prueba en el pleito fue conflictiva, pero el conflicto fue suscitado exclusivamente por el testimonio del demandado recurrido que para sustanciar su alegación de defensa propia en circunstancias eximentes de culpa, declaró que Morales le tiró con un martillo que le dio en un diente, y cayó sobre la verja. "Lo vi venir hacia mí con un machete y busqué algo con qué defenderme y entonces saqué el revólver." E.N.P. pág. 10. Las jóvenes vecinas que presenciaron los hechos sostuvieron en juicio que el demandado se bajó de su *jeep* e increpó a Morales por estar construyendo un portón que obstruía el paso de una máquina de trabajo hacia su finca y que en el cambio de palabras sacó el revólver e hizo un primer disparo a la cabeza de Morales quien para defenderse levantó la mano a la altura de su frente, (²) y un segundo disparo cuando ya la víctima se desplomaba. E.N.P. págs. 3 y 6.

---

(²) Corresponde con el hallazgo en la autopsia de herida de bala que atravesó la mano, penetrando el proyectil en el cráneo, a la altura del arco superciliar derecho "de delante a atrás atravesando toda la masa encefálica, deteniéndose al hacer impacto dentro de la cavidad con el hueso occipital."

■ El arbitrio del juzgador de hechos es respetable, mas no es absoluto. Una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de este Tribunal.

■ Notamos que el juez de instancia no dio el debido peso a la calidad de evidencia prima facie que tiene la convicción del demandado por veredicto de culpabilidad de homicidio. Su testimonio exculpatorio ni siquiera sembró duda razonable en el jurado que rechazó la teoría de defensa propia, negándose a creer que el acusado disparara desde el piso, que un golpe de martillo en la cara sólo afectara parte de un diente y que Morales que avanzaba machete en mano hacia su adversario caído no lograra otra cosa que la acción refleja de intentar detener con la palma de la mano la bala que destrozó su cerebro. Si el demandado, enfrentando una acusación de asesinato en primer grado con un defensor eficiente no logró plantar duda en el jurado, tampoco ha debido su testimonio aislado e interesado derrotar el valor probatorio de su convicción, al ser evaluada en el pleito civil. La prueba de negligencia civil es de menor grado y rigor, que la exigida para derrotar la presunción de inocencia en el caso criminal. *Pol Sella* v. *Lugo Christian*, 107 D.P.R. 540 (1978). Es al grado de prueba en una y otra acción, a la presunción de inocencia, al innegable efecto de una defensa eficaz ante jurado, cuerpo que no tiene ni está obligado por las disciplinas de juridicidad, de óptima objetividad y exclusión de todo factor emocional que caracterizan el tribunal de derecho, que invitamos la atención del juzgador al resolver en *Toro Lugo*, supra, que al presidir la causa civil deberá hacer "su propia apreciación de toda la prueba dirigida por la premisa fundamental de que, ante la diversa naturaleza y finalidad de las acciones que se ejercitan en una causa criminal y en un juicio civil, y la esencial diferencia del grado de culpa o negligencia

requerido para sostener un fallo en una y otra, así como los *variados factores* que pesan en el veredicto cuando el caso se ha visto ante jurado, se impone una nueva e independiente estimación de toda la prueba a la luz de distintas valoraciones jurídicas." (Bastardillas nuestras.) Más adelante expresamos como parte del *ratio decidendi* el propósito de acabar con "el sofisma de que ningún valor tienen en el pleito los procedimientos habidos y los hechos determinados en un juicio criminal seguido con el esmero procesal que garantiza nuestra Constitución."

■ Cuando la prueba del acusado demandado no supera, como en el presente caso, el valor de evidencia prima facie de la realización de un hecho delictivo que tiene la convicción en el caso criminal, la sentencia en el pleito civil debe ser consistente con el veredicto o fallo recaído en aquél.

Renuentes como somos a intervenir con el arbitrio del juzgador hemos de hacerlo en este caso por las razones apuntadas y para que no quede trunca la justicia.

*Se expedirá el auto, se revocará la sentencia revisada y en su lugar se dictará otra declarando con lugar la demanda y condenando al demandado recurrido a pagar a la demandante recurrente la suma de veinticinco mil dólares ($25,000.00) como indemnización por sus sufrimientos morales y angustias mentales, intereses legales sobre dicha cuantía a partir de la fecha de radicación de la demanda, dos mil quinientos dólares ($2,500.00) para honorarios de abogado, y las costas. Revocada.*