EL PUEBLO DE PUERTO RICO, recurrido, *v.* ROLANDO GRANDA LLORELLA, peticionario.

*Número:* O-82-512      *Resuelto.* 18 de noviembre de 1982

*Manuel Martínez Umpierre*, abogado del peticionario; *Miguel Pagán, Procurador General Interino*, y *Eliadís Orsini Zayas, Procuradora General Auxiliar*, abogados de El Pueblo.

## RESOLUCIÓN

Se deja sin efecto nuestra resolución del pasado 7 de octubre y se declara no ha lugar a la moción de reconsideración.

Lo acordó el Tribunal y certifica la Secretaria. El Juez Asociado Señor Díaz Cruz emitió opinión concurrente. El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Negrón García no intervinieron.

(*Fdo.*) Lady Alfonso de Cumpiano

*Secretaria General*

—O—

Opinión concurrente del Juez Asociado Señor Díaz Cruz.

He escrito esta concurrencia con la lacónica decisión de negación de *certiorari*, porque el caso envuelve aspectos de procedimiento criminal de frecuente presencia sobre los que estaría en orden alguna expresión orientadora.

Conjuntamente con acusación por asesinato en primer grado, el Fiscal de Distrito de Arecibo radicó contra el peticionario, acusación por infracción del Art. 8 Ley de Armas en que se le imputa que el 27 mayo, 1982, "portaba, conducía y transportaba una pistola cargada, sin tener una

licencia al efecto expedida para Portar Arma . . .". El acusado peticionario es un comerciante en telas y otros artículos de mercancía seca que para la fecha de los hechos disfrutaba una licencia,(1) fundada en el Art. 20, inciso (b) 5 de la Ley de Armas, 25 L.P.R.A. sec. 430 (b) 5, que autoriza a portar, conducir y transportar legalmente un revólver o pistola a los conductores de fondos privados mientras los tuvieren bajo su guarda, previa licencia del Tribunal Superior.

Contra la acusación por el Art. 8 Ley de Armas, formuló el acusado una moción que titula "Bajo Regla 64 P"(2) en que impugna la previa determinación de causa probable como contraria a derecho, por no haber tomado en cuenta que a la fecha de los delitos imputados él tenía licencia expedida por el Tribunal Superior para portar el arma sobre su persona. Desestimada su moción, el acusado recurre ante nos en *certiorari* y en su alegato extiende su planteamiento con ataque a la suficiencia de la acusación en los siguientes señalamientos de error: (I) Haber el tribunal denegado la moción de Regla 64(p) sin vista; y (II) no haber desestimado la acusación una vez establecido el hecho de que el acusado tenía licencia para portar el arma "sin restricción de clase alguna".

---

(1) En su solicitud alegó que "para realizar las compras y transacciones comerciales, transporta fuertes sumas de dinero por toda la Isla, de día y de noche". No hubo otra base o razón para otorgar la licencia.

(2) La Regla 64(p) de Procedimiento Criminal según enmendada en 1967 dispone:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

.      .      .      .      .      .      .      .

"(p) que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."

I

La posición del recurrente es equivocada desde su incepción, estructurada sobre la premisa de licencia absoluta a un conductor de fondos privados. No incidió la sala de instancia, porque no puede haber licencia irrestricta para proteger fondos. El propio recurrente en su petición admite que la portación de la pistola tuvo lugar en ocasión que el recurrente perseguía por vías públicas a un individuo que sustrajo dos pantalones de su tienda y quien finalmente resultó muerto de un disparo hecho por el acusado. No se cuestiona la determinación de causa probable en el cargo de asesinato. La portación del arma en estas circunstancias es base más que suficiente para determinar causa. La evidencia producida ante el juez instructor de causa es del grado que lleva a su ánimo la creencia fundada, resultado de prueba conducente a la razonable probabilidad de que se ha cometido un delito y que el acusado lo cometió. *Pueblo* v. *Figueroa Castro*, 102 D.P.R. 279, 284 (1974). La licencia del recurrente no es incondicional y absoluta, pues no lo tolera la Ley, aun cuando su texto incumpla con el requisito de ley de expresar el lugar, tiempo y circunstancias en que podrá portarse el arma y los motivos en que se funda la concesión, 25 L.P.R.A. sec. 431, apartados (b) y (d).[3] El privilegio de la licencia nace de la Ley, inmune a deformación por resoluciones defectuosas. Si el arma se usó en la persecución y muerte del perseguido, una licencia para portarla *mientras se tengan fondos privados bajo custodia*, 25 L.P.R.A. sec. 430(b)5, no puede excluir la fundada creencia y razonable probabilidad —evidencia que no tiene que alcanzar el grado

---

[3] Los abogados, quienes usualmente redactan los proyectos de licencia, deben cuidarse de insertar estos particulares, para que el concesionario no se llame a error en la creencia de que puede portar el arma sin restricción, de día y de noche y en todo Puerto Rico. El tribunal no puede ir más allá del estatuto al definir el ámbito y latitud de la licencia. La aquí concedida, más que escudo es hoja de parra en su escueto pronunciamiento: "Se autoriza a Rolando Granda Llorella a portar sobre su persona por toda la Isla de Puerto Rico de día y de noche, pistola marca Brownly...".

de prima facie— de que el arma fue portada y transportada ilegalmente. Si la portación bajo esas circunstancias está en alguna forma vinculada a la tenencia de fondos bajo guarda, es cuestión de hecho que deberá promover la defensa en el juicio. Mas no podrá descansar en el delusorio texto de la licencia y reclamar un privilegio absoluto e incondicional a llevar la pistola sobre su persona. *Pueblo* v. *Quiñones*, 65 D.P.R. 581 (1946), confirmado per curiam en *Pueblo* v. *Rodríguez Polanco*, 106 D.P.R. 228 (1977), donde dijimos: "No cabe duda de que las licencias sólo autorizan a portar un arma legalmente en el lugar, tiempo y circunstancias expresados en ella. Para que la portación sea válida, en recta interpretación del Art. 8 citado, debe contarse con una licencia debidamente expedida y portarse el arma conforme a sus términos." (Págs. 230–231.)

La moción para desestimar a tenor de la Regla 64(p) de Procedimiento Criminal sólo procede en ausencia total de prueba que demuestre la existencia de causa probable. Establecida en forma indubitable la existencia de prueba determinante de causa probable, el tribunal no venía obligado a señalar vista para oír argumento. *Pueblo* v. *Tribunal Superior*, 104 D.P.R. 454, 459 (1975). Aun el prestigioso recurso de hábeas corpus se rechaza de plano si del tenor de sus alegaciones y las constancias en el expediente, resulta inmeritorio. Solo las controversias justiciables de legítimo conflicto deben tomar el tiempo del tribunal.

## II

En su moción el recurrente solicitó de la Sala de Arecibo que tomara conocimiento de su propia resolución de licencia para portar arma y que desestimara la acusación. En tal extremo su alegación tiene el carácter de *speaking motion*, equivalente a la moción de sentencia sumaria en el procedimiento civil, y su ataque va dirigido no a la *suficiencia* de la acusación sino a la *veracidad* de sus imputaciones, cuestión que obviamente es provincia del juicio en su fondo. No

hay contención sobre la suficiencia intrínseca de la acusación.

La moción de sentencia sumaria anticipada al juicio, no existe en el procedimiento criminal, ni aun en la jurisdicción federal cuya Regla 47([4]) autoriza en términos generales el uso de *affidavit* para sostener tal moción. No obstante esa expresa autorización en la jurisdicción federal, no procede la ventilación antes del juicio de la moción para desestimar si la acusación de su faz es suficiente para imputar delito. La certeza de los hechos es para adjudicarse en juicio en los méritos ante Jurado o tribunal de Derecho, según el caso, y no en moción preliminar apoyada en documentos, *affidavit* y *contraaffidavit.* Nuestra Regla 63([5]) de Procedimiento Criminal expresamente limita a la susceptible de ser determinada sin entrar en el caso en su fondo, la defensa u objeción que ha de promoverse mediante moción. Al efecto dice el Prof. Wright en 1 *Federal Practice & Procedure: Criminal 2d,* 1982, Sec. 194, pág. 714:

> Si el ataque de la moción se dirige a la suficiencia de la acusación sus alegaciones deben tomarse como ciertas. Aun

---

([4]) Regla 47 federal:

"An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit."

Nuestra Regla 65 sobre forma, contenido y resolución de mociones antes del juicio, cuyo texto es análogo al de la Regla 47 federal, prescindió del uso de *affidavit.* Dispone:

"Cualquier moción que se hiciere antes del juicio deberá presentarse por escrito y firmarse por el acusado o por su abogado, pero el tribunal por causa justificada podrá permitir que se formule oralmente. Deberá exponer los fundamentos de las defensas u objeciones a la acusación. El tribunal la considerará antes del juicio a no ser que ordenare su posposición para ser considerada en el juicio del caso en su fondo. Todas las cuestiones de hecho o de derecho que surjan de dicha moción deberán ser juzgadas por el tribunal."

([5]) Regla 63— "Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar . . .".

cuando la Regla 47 [federal] permite declaraciones juradas en apoyo de mociones en general, ni ésta ni la Regla 12 [63 de P.R.] tuvieron el propósito de proveer *"speaking motions"* (moción de sentencia sumaria). Si la regla fuera lo contrario, la veracidad de las alegaciones podría cuestionarse con *affidavit* y la moción de anterioridad al juicio se convertiría en juicio en los méritos.

Establecidas tanto la existencia de causa probable como la suficiencia de la acusación por Art. 8 Ley de Armas, es al acusado a quien corresponde probar en el juicio que su licencia le permitía portar un arma de fuego en el lugar, tiempo y circunstancia en que se le acusa de portación ilegal. *Pueblo* v. *Torres Nieves*, 105 D.P.R. 340, 349 (1976). La incidencia de ataque de este tipo a la acusación desaparecerá si en vez de utilizar el formulario usual de acusación para casos de Art. 8 Ley de Armas el fiscal alega afirmativamente que el acusado tenía licencia para portar arma pero la portó en lugar, tiempo y circunstancias no cubiertos por dicho permiso.

Debe denegarse el *certiorari.*

—O—

## SENTENCIA

### (Regla 50)

San Juan, Puerto Rico, a 13 de enero de 1983

Examinada la moción sobre reconsideración que radicara el apelante-peticionario Rolando Granda Llorella, se declara con lugar la misma y en consecuencia se expide el auto *a los solos efectos* de ordenarle al Ministerio Fiscal que proceda a enmendar —en el caso criminal núm. G-82-504 pendiente ante el Tribunal Superior de Puerto Rico, Sala de Arecibo— la acusación que radicó por una supuesta infracción al Art. 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 418, a tenor con lo señalado en el párrafo final de la opinión concurrente emitida en el recurso de epígrafe

por el Juez Asociado Hon. Jorge Díaz Cruz a los efectos de que: "La incidencia de ataque de este tipo a la acusación desaparecerá si en vez de utilizar el formulario usual de acusación para caso de Art. 8 Ley de Armas el fiscal alega afirmativamente que el acusado tenía licencia para portar arma pero la portó en lugar, tiempo y circunstancias no cubiertos por dicho permiso", correspondiéndole al acusado plantear en el juicio que su licencia le permitía portar un arma de fuego en el lugar, tiempo y circunstancias en que se le acusa de portación ilegal.

Así lo pronunció y manda el Tribunal y certifica la señora Secretaria. El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Negrón García no intervinieron.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*