CARMEN MILAGROS MAYSONET, por sí y en representación de sus hijos LUIS JAVIER y MIGUEL ÁNGEL MORALES, ANTONIO MORALES SOLER y EMILIA SANTIAGO, demandantes y recurridos, *v.* ROLANDO GRANDA, OMELIA GRANDA, la SOCIEDAD DE GANANCIALES por ellos constituida y la CORPORACIÓN GRANDA E HIJOS, INC., demandados y recurrentes.

*Número:* RE-89-530 *Resuelto:* 23 de junio de 1993

*M. Martínez Umpierre*, abogado de los recurrentes; *Rafael Cardona Campos*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

El caso ante nos requiere que determinemos si en un pleito civil de daños y perjuicios es admisible, como prueba sustantiva, la sentencia de convicción por homicidio involuntario dictada contra uno de los codemandados, producto ésta de la alegación de culpabilidad hecha por el codemandado.

Resolvemos que la referida sentencia es admisible en el caso civil, mas no como prueba concluyente de los hechos. La parte contra la cual se admite dicha prueba tiene derecho a rebatirla y a explicar las razones que lo motivaron a hacer la alegación de culpabilidad.

I

El señor Granda es accionista y presidente de la Corporación Granda e Hijos, Inc., la cual opera un establecimiento dedicado a la venta de mercancía textil en general ubicado en el pueblo de Arecibo. El 27 de marzo de 1982, mientras el señor Granda se encontraba en el mencionado establecimiento, el señor Morales entró, se apropió de dos (2) pantalones y salió corriendo. El señor Granda lo siguió hasta alcanzarlo y ponerlo bajo arresto. Luego de recuperar los pantalones, el señor Granda le indicó al señor Morales que caminara. Alegadamente este último dio varios pasos cuando repentinamente se volteó e intentó atacar al señor Granda con una cuchilla. Este último le disparó, ocasionándole la muerte al primero.[1]

---

[1] Surge del informe de autopsia que el proyectil penetró la región occipital izquierda.

Por estos hechos el señor Granda fue acusado de asesinato en primer grado y violación a la Ley de Armas.([2]) Estando pendiente el juicio criminal, *el cual finalizó mediante alegación de culpabilidad hecha por el señor Granda en el delito de homicidio involuntario*,([3]) los padres, la ex esposa y los dos (2) hijos menores de edad del señor Morales instaron una acción en daños y perjuicios contra el señor Granda, la Corporación Granda e Hijos, Inc., la sociedad de gananciales compuesta por el señor y la señora Granda, y la Cooperativa de Seguros Múltiples de Puerto Rico.

Posteriormente, los demandados presentaron una reconvención en daños y perjuicios contra los herederos del occiso y una demanda contra coparte contra la Cooperativa de Seguros Múltiples, quien les negó la cubierta con relación al incidente en controversia.

En la vista del caso civil, previa objeción de la representación legal de los demandados, el tribunal admitió como prueba de la parte demandante el testimonio del señor Granda, a los efectos de que por los mismos hechos que motivaron la acción civil éste había formulado alegación de culpabilidad por homicidio involuntario, *delito del cual la negligencia es uno de sus elementos constitutivos.*

Se admitió, además, la sentencia de convicción dictada en el proceso penal. *Lo anterior constituyó la única prueba de negligencia presentada por la parte demandante.*

*El tribunal consideró lo anterior como prueba concluyente de que el señor Granda actuó negligentemente.*([4]) No obstante, reconoció que la parte demandada podía presentar "prueba de que el occiso contribuyó con su negligencia a la ocurrencia de su muerte" (T.E., pág.16), y con este pro-

---

([2]) La acusación por violación a la Ley de Armas generó jurisprudencia de este Tribunal, específicamente *Pueblo v. Granda*, 113 D.P.R. 558 (1982).

([3]) El señor Granda fue sentenciado a un (1) año y tres (3) meses bajo los beneficios de sentencia suspendida.

([4]) A este respecto el tribunal por voz del Honorable Ángel González Román expresó lo siguiente: "La alegación de culpabilidad de Rolando Granda constituye una admisión de culpabilidad y *por lo tanto la negligencia de éste ha quedado probada.*" T.E., pág. 16.

pósito se permitió el testimonio del señor Granda, esta vez como testigo de la parte demandada, *a los únicos efectos de que actuó en legítima defensa.* Sin embargo, no permitió su testimonio en torno a las razones por las cuales aceptó el acuerdo de alegación preacordada. Esto último quedó como prueba ofrecida y no admitida.(5)

Concluido el desfile de prueba y sometido el caso, el tribunal a quo dictó sentencia en la que declaró con lugar la demanda y desestimó la reconvención y demanda contra coparte presentada por los codemandados. Como parte de la sentencia, ordenó a los *codemandados a pagar solidariamente* la suma de sesenta y dos mil dólares ($62,000) a los codemandantes por sus sufrimientos y angustias mentales, más ochenta y seis mil novecientos veinticuatro dólares con ochenta y cuatro centavos ($86,924.84) en concepto de lucro cesante a los hijos menores de edad del occiso.(6)

No conformes, los codemandados recurren ante nos y formulan los señalamientos de error siguientes:

PRIMER ERROR: Erró el Honorable Tribun[a]l de Instancia al admitir en evidencia una sentencia condenatoria por un delito menos grave, contrario a la letra de la Regla 65V de las de Evidencia de 1979.

---

(5) A este respecto se hizo constar en la minuta correspondiente a la vista celebrada el 19 de octubre de 1988, que de declarar el recurrente declararía que aun cuando se considera inocente, hizo alegación de culpabilidad en el delito de homicidio involuntario al considerar que: ambas modalidades del delito imputado (asesinato) están excluidas del privilegio de sentencia suspendida, mientras que el delito por el cual hizo la alegación de culpabilidad no; el delito de homicidio involuntario conlleva la imposición de una pena mínima que puede borrarse del expediente, además de que entendía que por ser el delito uno menos grave, la sentencia de convicción no sería admisible en el caso civil; durante el proceso se desarrolló un ambiente hostil en su contra por el hecho de ser cubano. A este respecto añadiría que recibió insultos y llamadas telefónicas anónimas, en una de las cuales le advirtieron " 'que se cuidara que le están hablando al jurado en su contra' ". Que lo anterior lo hizo sentirse intimidado y temeroso de que en su caso pudiera ocurrir " 'un desvar[í]o de la justicia' " por lo cual, luego de consultar con su familia y hacer " 'un balance de los riesgos frente a la oferta, entendió' " que "lo más conveniente a su interés personal era aceptar una alegación de culpabilidad, aún siendo inocente ...". Apéndice, pág. 23.

(6) A este respecto el foro de instancia determinó que, a pesar de que "hubo prueba de adicción a drogas" por parte del occiso y de que éste fue convicto y condenado por poseer sustancias controladas, también se demostró que mantuvo por diez (10) años un empleo en la Union Carbide hasta el momento de su muerte.

SEGUNDO ERROR: Erró el Honorable Tribunal de Instancia al no permitir que el demandado Rolando Granda declarase sobre las razones que tuvo para hacer las alegaciónes de culpabilidad por un delito menos grave, a pesar de que no admitía responsabilidad por los hechos ocurridos.

TERCER ERROR: Erró el Honorable Tribunal de Instancia al dar un "no ha lugar" a una solicitud de Conclusiones de Hechos Adicionales, cuando todas la conclusiones solicitadas se basaban en prueba ofrecida y admitida y que no fue refutada ni contradicha en forma alguna.

CUARTO ERROR: Erró el Honorable Tribunal de Instancia al no resolver con base a la única prueba de responsabilidad que fue presentada por la parte demandada, ya que la parte demandante no presentó prueba de cómo ocurrieron los hechos.

QUINTO ERROR: Erró el Honorable Tribunal de Instancia al llegar a conclusiones de derecho que no están sostenidas por las conclusiones de hechos.

SEXTO ERROR: Erró el Honorable Tribunal de Instancia al declarar con lugar la demanda contra los co-demandados Omelia Granda, la Sociedad Legal de Gananciales compuesta por Rolando Granda y Omelia Granda[,] y la Corporación Granda e Hijos, Inc., cuando la actuación que dio base a la demanda fue una acción persona[l] (una agresión) del codemandado Rolando Granda, realizada en su legítima defensa propia y en la que no estuvo envuelta ni la Sociedad Legal de Gananciales, ni la Corporación Granda e Hijos, [Inc.,] ni la señora Omelia Granda.

SEPTIMO ERROR: Erró el Honorable Tribunal de Instancia al permitir que testificara como perito el señor Uriel Candelas, Actuario, a pesar de éste haber admitido que nunca había estudiado, leído, analizado literatura o tabla de índice de mortandad o de expectativa de vida útil en un tipo de caso como el que nos ocupa.

OCTAVO ERROR: Erró el Honorable Tribunal de Instancia al conceder daños por lucro cesante cuando no podía determinarse ni la expectativa de vida, ni la expectativa de vida útil, ni la probabilidad de retener un empleo del causante; basándose el Tribunal única y exclusivamente en una "tabla" preparada por el testigo Uriel Candelas (tabla que contenía un sólo caso, el que nos ocup[a]) y tomando como fuente para la misma una alegada directriz de una compañía de seguros. Dicha directriz, que fue admitida en evidencia, no es una publicación oficial y ni siquiera tiene el membrete de la compañía a que se refiere.

NOVENO ERROR: Erró el Honorable Tribunal de Instancia al no limitar el monto del lucro cesante a la cantidad de $50.00 semanales hasta que los menores hubieran cumplido los vein-

tiún años de edad, por ser ésta la pensión judicialmente fijada para los menores en un procedimiento de divorcio previo.

DECIMO ERROR: Erró el Honorable Tribunal de Instancia al declarar con lugar la demanda y conceder daños por la muerte de una persona que fallece en el acto de estar cometiendo varios delitos públicos y su fallecimiento sobreviene cuando el demandado, en legítima defensa de su persona, se ve obligado a dispararle a su agresor. Petición, págs. 3–5.

Expedido el recurso de revisión, la parte recurrente solicitó que celebráramos una vista oral dado lo novel de la controversia presentada ante nos. Accedimos a dicha solicitud, por lo que la referida vista se llevó a cabo el 22 de octubre de 1990.[7]

## II

Para disponer del recurso ante nos, basta con atender lo alegado por las partes en los primeros dos (2) señalamientos de error.

El primer señalamiento va dirigido a cuestionar la admisibilidad en evidencia de una sentencia de convicción por homicidio involuntario, y el segundo a cuestionar su valor probatorio de concluirse que es admisible.

En primer lugar, sostenemos que una sentencia de convicción resultado de una alegación preacordada constituye prueba de referencia sujeta a la norma general de exclusión según provisto por nuestro ordenamiento evidenciario. Reglas 60 y 61 de Evidencia, 32 L.P.R.A. Ap. IV.

En virtud de lo dispuesto por la Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, una sentencia de convicción, resultado de una alegación preacordada, representa la aceptación por parte del tribunal de la alegación

---

[7] En dicha ocasión, este Tribunal estuvo constituido por el entonces Juez Presidente Señor Pons Núñez, el hoy Juez Presidente Señor Andréu García, los Jueces Asociados Señores Rebollo López y Hernández Denton, y el que suscribe.

de culpabilidad hecha por el imputado una vez el tribunal se ha cerciorado de que ésta "ha sido hecha con pleno conocimiento, conformidad y voluntariedad del imputado; que es conveniente a una sana administración de la justicia, y que ha sido lograda conforme a derecho y a la ética". Regla 72(7) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Por ello, una sentencia ofrecida como prueba de los hechos a que ésta se refiere es prueba de referencia, pues representa la opinión o creencia del tribunal en torno a la veracidad de la alegación y de los hechos en que ésta se fundamenta. Constituye, pues, la referida sentencia prueba de referencia inadmisible, *salvo que exista una excepción aplicable*. E.L. Chiesa, *Práctica Procesal Puertorriqueña: Evidencia*, San Juan, Pubs. J.T.S., 1985, Vol. I, Cap. VIII, págs. 272 y ss.

Apliquemos lo antes expuesto a los hechos del caso ante nos.

■ El demandado recurrente, como parte de un proceso de alegación preacordada, formuló una alegación de culpabilidad y fue sentenciado y convicto por el delito de homicidio involuntario del cual uno de sus elementos constitutivos lo es la negligencia. Art. 86 del Código Penal, 33 L.P.R.A. sec. 4005. Posteriormente, dicha sentencia fue ofrecida como prueba de negligencia en la acción civil en daños y perjuicios instada contra el aquí recurrente.

Dado que la referida sentencia constituye prueba de referencia, que como regla general es inadmisible, su admisibilidad depende de que ésta esté comprendida dentro de una de las excepciones a dicha regla.

■ Al considerar que la alegación de culpabilidad formulada por el demandado recurrente por el delito de homicidio involuntario *constituye una admisión de haber cometido el mencionado delito*, la admisibilidad de la sentencia en controversia ante nos está sujeta a lo dispuesto por las Reglas 62 y 65(V) de Evidencia, 32 L.P.R.A. Ap. IV, referentes respectivamente a la admisibilidad en evidencia de una

admisión de parte y de una sentencia por convicción previa.

■ Específicamente, y en lo pertinente, la Regla 62 de Evidencia, *supra*, dispone que:

> Es admisible como excepción a la regla de prueba de referencia una declaración ofrecida contra una parte si la declaración:
> (A) Es hecha por dicha parte, bien en su capacidad individual
> ....

Según dispuesto por la citada regla, es admisible en evidencia contra una parte cualquier manifestación o conducta suya que tienda a desacreditar o a contradecir alguna de sus contenciones. Resulta suficiente que la manifestación o admisión sea contraria al interés del declarante al momento en que se ofrece contra él como prueba. Chiesa, *op. cit.*, págs. 292 a 312.

■ Ahora bien, cuando la admisión de una parte culmina en una sentencia de convicción por delito, la admisibilidad como prueba sustantiva de la admisión y la sentencia resultante está condicionada a lo dispuesto por la Regla 65(V) de Evidencia, *supra,* que en lo pertinente establece que:

> Es admisible como excepción a la regla de prueba de referencia aunque el declarante esté disponible como testigo:
>
> . . . . . . .
>
> (V) *Sentencia por convicción previa*: Evidencia de una sentencia final, tras un juicio o declaración de culpabilidad, declarando a una persona culpable de *delito grave*, ofrecida para probar cualquier hecho esencial para sostener la sentencia de convicción. (Énfasis suplido.)

*La regla antes citada limita la admisibilidad de una sentencia de convicción a los casos de delitos graves. Se excluyen los delitos menos graves* dado el poco incentivo económico y libertario que tiene el imputado para litigar una denuncia por un delito menos grave. La falta de incen-

tivo a litigar está determinada por la severidad de la pena a la que se expone el imputado([8]).

En términos de la Regla 65(V), *supra*, la exclusión de los delitos menos graves se concibió principalmente para considerar los casos por infracción a la ley de tránsito, en la cual el ciudadano promedio, muchas veces sin consultar a un abogado prefiere, aun cuando considere que tiene la razón, pagar una multa y continuar con su rutina diaria. En estos casos la alegación de culpabilidad resulta ser de escaso valor probatorio como prueba de los hechos que la motivaron, pues puede que sólo refleje la percepción del imputado de que pagar una multa es mucho más conveniente que litigar y, por ejemplo, tener que ausentarse de su trabajo. Chiesa, *op. cit.*, pág. 440; Comentarios del Secretariado de la Conferencia Judicial de 1979 y 1986; *Pease v. Pease*, 246 Cal. Rptr. 762 (1988); *Arneson v. Fox*, 170 Cal. Rptr. 778 (1980).

Ahora bien, ¿es una convicción por el delito de homicidio involuntario admisible al amparo de las disposiciones de la Regla 65(V) de Evidencia, *supra?*

Como regla general, son delitos menos graves aquellos cuya pena no excede de quinientos dólares ($500) de multa y/o seis (6) meses de cárcel. Art. 12 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3044. Sin embargo, el delito de homicidio involuntario, a pesar de ser menos grave, conlleva una pena fija de un (1) año y ocho (8) meses, la cual puede ser reducida hasta un mínimo de un año (1) y tres (3) meses de mediar circunstancias atenuantes, y

---

([8]) Para dar efectividad plena a las consideraciones de política pública antes señaladas e informadas por la Regla 65(V) de Evidencia, 32 L.P.R.A. Ap. IV, no puede acudirse a la Regla 62, 32 L.P.R.A. Ap. IV, ni a otras excepciones a la norma de exclusión de prueba de referencia para lograr que se admita *como prueba sustantiva* una sentencia de convicción por un delito menos grave, salvo lo que más adelante se indica. E.L. Chiesa, *Práctica Procesal Puertorriqueña: Evidencia*, San Juan, Pubs. J.T.S., 1985, Vol. I, pág. 440; Weinstein & Berger, 803–355, 4 *Weinstein's Evidence* Sec. 803(22)[01].

La anterior conclusión no excluye la posibilidad de que una sentencia de convicción por un delito menos grave se utilice a los fines de *impugnar la credibilidad de un testigo* conforme lo dispone la Regla 46 de Evidencia, 32 L.P.R.A. Ap. IV.

aumentada hasta un máximo de tres (3) años de mediar circunstancias agravantes.

*Al ser la posibilidad de la pena el criterio determinante de la presencia o ausencia de incentivo a litigar, concluimos que una convicción por homicidio involuntario es admisible al amparo de la Regla 65(V) de Evidencia, supra, en virtud de que puede conllevar una pena de hasta tres (3) años de reclusión, lo que provee a una persona promedio incentivo suficiente para litigar en virtud del interés libertario implicado.*[9] Chiesa, *op. cit.*, pág. 440.

*En síntesis, al considerar que la pena que acarrea el delito de homicidio involuntario es en exceso de seis (6) meses, típica de delito grave, resolvemos que una sentencia de convicción por el referido delito ha de ser tratada como una convicción por delito grave a los fines de la Regla 65(V) de Evidencia, supra, y es por lo tanto admisible al amparo de lo dispuesto por la citada regla.* Siendo ello así, y dado que en el caso ante nos la sentencia tiene su origen en una alegación de culpabilidad, *también es admisible bajo la Regla 62 de Evidencia, supra, como admisión de parte.* Esta conclusión no sólo es compatible con lo dispuesto por nuestro ordenamiento evidenciario sino que, además, es congruente con la política pública que favorece la integración de los procesos de naturaleza civil y penal, según expresada en *Toro Lugo v. Ortiz Martínez*, 105 D.P.R. 229 (1976), y su progenie, y con el esfuerzo legislativo dirigido a proteger a las víctimas de delito. Reglas 62 y 65(V) de Evidencia, *supra*; *Morales Garay v. Roldán Coss*, 110 D.P.R. 701 (1981); *Vda. de Morales v. De Jesús Toro*, 107 D.P.R. 826 (1978); Chiesa, *op. cit.*; Ley para la Protección de Testigos y

---

[9] A este respecto, en el informe sobre el "Primer Examen de las Reglas de Evidencia de 1979", presentado por el Comité de Reglas de Evidencia de la Conferencia Judicial de Puerto Rico, se hizo constar que:

"El Comité estaría a favor de enmendar nuestra regla para que se refiera a delitos con pena mayor de quinientos dólares ($500) de multa o más de seis meses de prisión, lo que daría cuenta de delitos como el de homicidio involuntario."

Víctimas, Ley Núm. 77 del 9 de julio de 1986 (25 L.P.R.A. secs. 972–972j).

## III

 Concluido ya que la sentencia de convicción por homicidio involuntario es admisible en evidencia, corresponde expresarnos sobre el valor probatorio de dicha evidencia una vez admitida. Esto es, una vez trascendido el aspecto de admisibilidad correspondiente al ordenamiento evidenciario, debemos adentrarnos en materia sustantiva para determinar si erró el tribunal sentenciador al admitir en el pleito civil la sentencia de convicción por el delito de homicidio involuntario como prueba *concluyente* de negligencia y al no permitir al demandado recurrente testificar en torno a las razones que lo llevaron a aceptar el acuerdo de alegación preacordada y formular alegación de culpabilidad por el mencionado delito. Concluimos que sí erró. Veamos.

 El aspecto sustantivo de la controversia hoy ante nos fue claramente resuelto en *Toro Lugo v. Ortiz Martínez,* supra. Específicamente, en el citado caso concluimos que:

> Los hechos probados en una causa penal, aún cuando no son concluyentes al punto de excluir su relitigación en la acción civil de daños y perjuicios originada de aquéllos, *constituyen evidencia prima facie de su existencia,* admisible en el pleito civil.
>
> . . . . . . .
>
> *... La parte para quien resulte adversa dicha prueba tiene derecho a alegar su insuficiencia o a controvertirla con otra evidencia y el juzgador hará su propia estimación de la prueba que podrá o no coincidir con la apreciación de la misma en el juicio criminal.*
>
> ... [P]uede el juzgador de la causa civil ... hacer su propia apreciación de toda la prueba dirigida por la premisa fundamental de ... la diversa naturaleza y finalidad de las acciones que se ejercitan en una causa criminal y en un juicio civil .... (Énfasis suplido y escolio omitido.)

■ Sobre este extremo es importante destacar que aun cuando la norma de *admisibilidad* adoptada en *Toro Lugo v. Ortiz Martínez*, supra, fue modificada por la Regla 65(V) de Evidencia, *supra*, en la medida en que ésta hace inadmisible en un pleito civil posterior una sentencia de convicción por un delito que conlleve una pena menor de seis (6) meses de reclusión y/o quinientos dólares ($500) de multa, el aspecto sustantivo de la norma adoptada en *Toro Lugo v. Ortiz Martínez*, continúa en pleno vigor e inalterada por el contenido de la Regla 65(V), *supra*, e incluso fue ratificada por este Tribunal con posterioridad a la aprobación de las reglas de evidencia.([10])

■ En síntesis, al ratificar la norma adoptada en *Toro Lugo v. Ortiz Martínez*, supra, concluimos que erró el tribunal de instancia al admitir la sentencia de convicción por homicidio involuntario como prueba concluyente de negligencia y no permitirle al demandado recurrente presentar prueba en torno a las razones que lo motivaron a formular alegación de culpabilidad por el mencionado delito. Tanto la sentencia como las razones por las cuales el demandado recurrente formuló la alegación de culpabilidad debieron ser consideradas en conjunción con la otra prueba presentada en el caso para llegar a una conclusión en torno a si el demandado recurrente actuó negligentemente, lo cual constituye un elemento esencial de la causa de acción en daños y perjuicios instada por los demandantes recurridos.

Por los fundamentos antes expuestos, *se revoca la sentencia recurrida y se devuelve el caso al tribunal de instancia para que continúen los procedimientos en conformidad con lo aquí expuesto y se le permita a la parte demandada recurrente desfilar prueba sobre las razones por las cuales*

---

([10]) *Morales Garay v. Roldán Coss*, 110 D.P.R. 701 (1981).

*formuló la alegación de culpabilidad por el delito de homicidio involuntario.([11]) Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García disintió por considerar que la decisión mayoritaria infringe el elemental principio de hermenéutica consagrado en el Art. 14 de nuestro Código Civil, 31 L.P.R.A. sec. 14, al efecto de que "[c]uando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". El Juez Asociado Señor Negrón García disintió con una opinión escrita.

**– O –**

Opinión disidente del Juez Asociado Señor Negrón García.

Diferimos. La sentencia penal fundada en la alegación de culpabilidad de Rolando Granda por el delito *menos grave* de homicidio involuntario, es inadmisible en la demanda civil posterior en su contra.

I

El esquema probatorio vigente hace admisibles([1]) algunas sentencias por convicciones anteriores en procedimientos ulteriores para diferentes propósitos, pero si "se ofrece

---

([11]) En vista de la conclusión anterior, no es necesario discutir lo alegado en los restantes señalamientos de error formulados por los recurrentes. Específicamente el tercer, cuarto, quinto, séptimo y octavo señalamiento están dirigidos a cuestionar la suficiencia de la prueba y la apreciación que de la misma hizo el tribunal de instancia. En el sexto y noveno señalamiento alegan que erró el tribunal al admitir en evidencia contra la señora Granda, la sociedad legal de gananciales compuesta por el señor y la señora Granda, y la Corporación Granda e Hijos, Inc., la alegación de culpabilidad formulada por el señor Granda y al fijar una cuantía de lucro cesante mayor que la pensión alimentaria fijada por un tribunal a los menores demandantes. Con respecto a la procedencia de tales actuaciones por parte del tribunal, *quaere.*

([1]) Coincidimos con los pronunciamientos en torno al valor probatorio de una sentencia criminal de convicción *por delito grave* en el subsiguiente proceso civil por los mismos hechos. Están a tono con nuestras decisiones en *Morales Garay v. Roldán Coss,* 110 D.P.R. 701 (1981); *Vda. de Morales v. De Jesús Toro,* 107 D.P.R. 826 (1978); *Toro Lugo v. Ortiz Martínez,* 105 D.P.R. 229 (1976).

como prueba de las alegaciones de la demanda o acusación, el problema de prueba de referencia es grave". E.L. Chiesa, *Práctica Procesal Puertorriqueña: Evidencia*, San Juan, Pubs. J.T.S., 1985, Vol. I, pág. 437.

Al respecto, la Regla 65(V) de Evidencia, 32 L.P.R.A. Ap. IV, dispone:

> Es admisible como excepción a la regla de prueba de referencia aunque el declarante esté disponible como testigo:
>
> (V) *Sentencia por convicción previa*: Evidencia de una sentencia final, tras un juicio o declaración de culpabilidad, *declarando a una persona culpable de delito grave*, ofrecida para probar cualquier hecho esencial para sostener la sentencia de convicción. La pendencia de una apelación no afectará la admisibilidad bajo esta regla, aunque podrá traerse a la consideración del tribunal el hecho de que la sentencia de convicción aún no es firme. Esta regla no permite al pueblo en una acción criminal ofrecer en evidencia la sentencia de convicción de una persona que no sea el acusado, salvo para fines de impugnación de un testigo. (Énfasis suplido.)

¿Por qué fueron excluidas las sentencias por delitos menos graves? Los principios probatorios tienen como propósito "el descubrimiento de la verdad en todos los procedimientos judiciales". Regla 2 de Evidencia, 32 L.P.R.A. Ap. IV. Con esa visión en mente, se estima que las sentencias por delitos graves generalmente ofrecen *garantías circunstanciales de confiabilidad.* En tales casos, el acusado frecuentemente se expone a penas severas y, por ende, tiene un gran incentivo para litigar. Chiesa, *op. cit.*, pág. 74. Según este predicado, es razonable pensar que medió una defensa vigorosa y que el veredicto condenatorio fue obtenido a pesar de esos esfuerzos.

No obstante, la situación es distinta en los menos graves, pues "falta el incentivo para litigar —y la declaración de culpabilidad o defensa mínima puede haber obedecido simplemente a preferir la convicción a los sinsabores de una vigorosa defensa— [y] se excluye de la excepción la

sentencia de convicción por delitos menos grave[s]". Chiesa, *op. cit.*, pág. 438.(²)

En síntesis, el sustrato de este razonamiento diferencial es la confiabilidad condicionada por el valor probatorio intrínseco del incentivo que tuvo un acusado para litigar o no su causa.

## II

¿Tenía Granda incentivos para hacerlo en el caso criminal? La opinión mayoritaria contesta en la afirmativa al equiparar el delito de homicidio involuntario *menos grave* con uno *grave*, en función a la pena máxima de tres (3) años. Según ese razonamiento resuelven que la sentencia es admisible. Es un error.

La mayoría pasa por alto que a Granda *se le acusó de asesinato en primer grado*, por lo que estaba expuesto a una pena de noventa y nueve (99) años *sin* derecho a los beneficios de sentencia suspendida. Arts. 82–84 del Código Penal, 33 L.P.R.A. secs. 4001–4003.

Como resultado de unas negociaciones con el Ministerio Público, se le ofreció la alternativa de una alegación de culpabilidad por homicidio involuntario. Art. 86 del Código Penal, 33 L.P.R.A. sec. 4005. El acuerdo incluía recomendar la pena mínima de un (1) año y tres (3) meses, y su elegibilidad para disfrutar una sentencia suspendida. Según surge de su oferta, por varias razones, Granda tenía temor a exponerse a un proceso contencioso que no fuera justo e imparcial.

---

(²) En torno a la regla federal (Regla 803(22)), equivalente a la Regla 65(V) nuestra, señala McCormick:

"Un número de Tribunales ha limitado esta regla a convicciones por delitos graves razonando que las convicciones por delitos menos graves no representan determinaciones suficientemente confiables para justificar el hacer una excepción a la regla de prueba de referencia." (Traducción nuestra.) E.W. Cleary, *McCormick on Evidence*, 3ra ed., Minnesota, Ed. West Publishing Co., 1984, Sec. 318, pág. 895.

Distinto a la lógica mayoritaria, es obvio que si Granda litigaba el caso de asesinato se exponía a una condena de noventa y nueve (99) años a ser cumplidos en prisión; mientras con la alegación de culpabilidad por homicidio involuntario recibiría, con gran posibilidad, una sentencia suspendida de un (1) año y tres (3) meses.[3]

Ante este panorama, ciertamente Granda no tuvo incentivos para litigar el homicidio involuntario; de hecho, eran más poderosas las razones para abstenerse. En estas circunstancias, la sentencia por homicidio involuntario carece de las garantías circunstanciales de confiabilidad que justifican su admisibilidad en la causa civil posterior al amparo de la Regla 65(V) de Evidencia, *supra*. *No debió admitirse.*

Finalmente, resulta pertinente indicar que la inadmisibilidad de dicha sentencia criminal subsiste aún bajo los criterios de "admisión" al amparo de la Regla 62 y una "declaración contra interés", Regla 64(B)(3).[4]

---

[3] En efecto, Granda fue sentenciado a una sentencia suspendida de un (1) año y tres (3) meses.

[4] Sobre el particular se ha aclarado:

"¿Puede admitirse una sentencia de convicción por delito menos grave, a base de declaración de culpabilidad, bajo los principios de 'admisiones' de la regla 62 ó de declaraciones contra interés bajo la regla 64(B)(3)? Coincidimos totalmente en la respuesta negativa que hallamos en *Weintein's Evidence*, sección 803(22)[01], pág. 803–276 (1979):

" 'Para poder lograr la política pública expresa consignada en la regla 803(22) prohibiendo la admisión en evidencia de convicciones que conlleven penas de menos de un año, evidencia de declaración de culpabilidad en casos menos graves no deben ser admitidas como 'admisiones' bajo la Regla 801(d)(2), ni como 'declaraciones contra interés' bajo la regla 804(b)(3).' (escolio omitido.)" (Traducción nuestra.) Chiesa, *op. cit.*, pág. 440.