# 2003 DTA 124

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN, PANEL IV**

VICTOR M. CRUZ CALDERON
Demandante-Apelado

v.

CARIBBEAN MARINE SUPPLIES, INC.
Demandado-Apelante

Núm. KLAN-02-00298

San Juan, Puerto Rico, a 31 de julio de 2003

Panel integrado por su Presidente, el Juez Gierbolini,
y los Jueces Cordero y Rodríguez Muñiz

Gilberto Gierbolini, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 3 de abril de 2002, Caribbean Marine Supplies Inc. (en adelante Caribbean Marine) presentó Recurso de Apelación en el que nos solicitó la revocación de la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 31 de diciembre de 2001 y notificada el 5 de marzo de 2002. Mediante dicha sentencia, el tribunal *a quo* condenó a Caribbean Marine al pago de $10,500.00 más costas e intereses, por incumplimiento de contrato.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** la Sentencia apelada.

I

El 2 de mayo de 1997, Víctor Manuel Cruz Calderón compró en Caribbean Marine Supplies dos motoras acuáticas (*"jet ski"*) nuevas de 10 pies de eslora, Marca Polaris; una Modelo SLTX-1050 a un costo de $7,000.00; y la otra, Modelo SLX-780 a un costo de $6,800.00. Para el pago de dichas motoras, Cruz obtuvo un

préstamo personal por $14,500.00 del Banco Santander de Puerto Rico, del cual pagaba $348.77 mensuales y vencía el 5 de febrero de 2002.

El 5 de mayo de 1997, Cruz visitó Caribbean Marine para informar que la motora tenía problemas mecánicos, llevó el equipo a la tienda y luego de unos días, le entregaron la motora arreglada. Sin embargo, Cruz tuvo que llevar la motora nuevamente a Caribbean Marine porque continuaba con el mismo desperfecto. Cruz tuvo que llevar el equipo a reparar en varias ocasiones y como los mecánicos de Caribbean Marine no encontraban cuál era el problema de la motora, éste decidió llevarla al taller de Jaime Martínez, mecánico especializado en dichos equipos. Martínez encontró que el motor que tenía la motora era modelo SLTX-900 y no SLTX-1050, y que la misma era usada.

Cruz visitó nuevamente Caribbean Marine e informó de los hallazgos de Martínez y solicitó el cumplimiento específico del contrato o la devolución del dinero pagado. Caribbean Marine rechazó ambas alternativas y alegó que la motora vendida había sido una modelo SLTX-900 y no una modelo SLTX-1050.

Cruz acudió al Centro de Mediación de Conflictos de Bayamón, pero las partes no lograron llegar a un acuerdo. El 26 de abril de 2000, Cruz presentó Demanda por incumplimiento de contrato y daños y perjuicios contra Benigno Herreras, Jane Doe, la Sociedad Legal de Gananciales compuesta por ambos, y Caribbean Marine, en la que reclamó $20,000.00 por daños y angustias mentales.

El 31 de diciembre de 2001, el Tribunal de Primera Instancia emitió Sentencia, notificada el 5 de marzo de 2002, mediante la cual declaró Con Lugar la demanda y condenó a la parte demandada al pago de $7,000.00 más los intereses pagados por el demandante al Banco Santander al tipo anual de 15.50% desde el 2 de mayo de 1997 hasta el 2 de febrero de 2002. Además de $2,500 en daños, $1,000.00 de honorarios de abogado, más las costas e intereses al tipo legal computados a partir de la fecha de la sentencia y hasta su total pago. A su vez, ordenó a la parte demandante entregar inmediatamente el equipo comprado.

Inconforme con dicha determinación, el 3 de abril de 2002, Caribbean Marine acudió ante nos mediante recurso de apelación en el que nos solicitó dejar sin efecto la Sentencia emitida por el Tribunal de Primera Instancia, a quien imputa la comisión de los siguientes seis errores:

*"1. Erró el tribunal apelado al incluir como una de sus determinaciones de hechos, la procedencia del dinero con el cual Cruz compró las motoras acuáticas.*

*2. Erró el tribunal apelado al incluir en la sentencia el pago de los intereses pagados por Cruz al Banco Santander, quien prestó el dinero para comprar las motoras acuáticas.*

*3. Erró el tribunal apelado al aceptar prueba de referencia e incluirla en sus determinaciones de hechos y conclusiones de derecho.*

*4. Erró el tribunal apelado al imponer a Caribbean Marine el pago de $2,500.00 en concepto de indemnización por daños y perjuicios.*

*5. Erró el tribunal apelado al concluir que Caribbean Marine actuó temerariamente e imponerle el pago de $1,000.00 en concepto de honorarios de abogado.*

*6. Erró el tribunal apelado al no aplicar en este caso la doctrina de mitigación de daños."*

## II
En los primeros dos errores señalados, Caribbean Marine alega que el Tribunal de Primera Instancia erró al

incluir en sus determinaciones de hechos el que Cruz obtuvo un préstamo personal para comprar las motoras acuáticas y lo condenara al pago de los intereses de dicho préstamo.

La Regla 43.2 de Procedimiento Civil, 32 L.P.R.A. Apéndice III, dispone en su parte pertinente que *"en todos los pleitos, el tribunal especificará los hechos probados y separadamente consignará sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda... Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos."*

En el caso de autos, la prueba que mereció credibilidad al tribunal demostró que Cruz obtuvo un préstamo personal para comprar las motoras acuáticas. Incluso, esto fue parte de la prueba estipulada por las partes durante el juicio.

Una norma reiteradamente establecida es que la apreciación de la prueba realizada por el Tribunal de Primera Instancia merece nuestra deferencia y en ausencia de pasión, prejuicio, parcialidad, error manifiesto, o que la apreciación de la evidencia sea contraria a la realidad factual, o que la prueba resulte ser inherentemente imposible o increíble, debemos abstenernos de intervenir con el criterio y la apreciación del tribunal apelado. *Monllor v. Soc. de Gananciales,* 138 D.P.R. 600, 610 (1995); *Pueblo v. Maisonave Rodríguez*, 129 D.P.R. 49, 62-63 (1991); *Pueblo v. Rivero, Lugo y Almodóvar*, 121 D.P.R. 454, 472-473 (1988).

El Tribunal Supremo ha reconocido que los tribunales de instancia están en mejor posición que los tribunales apelativos para evaluar la prueba presentada y conceder daños, toda vez que han tenido contacto directo con la prueba y han podido evaluar sus elementos visibles e intangibles. Después de todo, son los que tienen la oportunidad de ver y escuchar las declaraciones de los testigos y de examinar su comportamiento en la silla testifical, mientras que nosotros sólo tenemos récords mudos e inexpresivos. *Pueblo v. Maisonave Rodríguez, supra,* a las páginas 62-63; *Pueblo v. Rivero, Lugo y Almodóvar, supra,* a las páginas 472-473. No obstante, el arbitrio del juzgador de hechos no es absoluto. *"Una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de este Tribunal". Ramos Acosta v. Caparra Dairy, Inc.,* 113 D.P.R. 357, 365 (1982), citando a *Vda. de Morales v. De Jesús Toro,* 107 D.P.R. 826, 829 (1978). Así pues, podemos dejar sin efecto las determinaciones de hechos realizadas por el foro de instancia, siempre que del examen de la totalidad de la evidencia quede definitiva y firmemente demostrado que un error fue cometido, *Pueblo v. Hernández Castro*, 90 D.P.R. 329, 336 (1964).

Sin embargo, de la prueba presentada en el caso ante nuestra consideración, no surge ningún indicio de pasión, prejuicio, parcialidad o error manifiesto que de margen a la intervención de este Tribunal con la apreciación de la prueba realizada por el tribunal apelado. La prueba presentada no sólo establece los elementos de la causa de acción, sino que es satisfactoria y suficiente en derecho. Las determinaciones de hechos del tribunal apelado están sostenidas por la prueba; por tanto, no intervendremos con la apreciación del tribunal. Los errores señalados no fueron cometidos.

### III

En el tercer error señalado, Caribbean Marine señala que Cruz no presentó prueba para sostener que la diferencia en el modelo del motor fuera la causa del problema del equipo y que no presentó prueba pericial referente a si la motora era nueva o usada. El apelante alega que ese hecho debe ser eliminado del récord por ser prueba de referencia.

La Regla 4 de Evidencia, 32 L.P.R.A. Apéndice IV, establece que *"no se dejará sin efecto una determinación de admisión de evidencia ni se revocará sentencia o decisión alguna por motivo de admisión errónea de evidencia a menos que: (1) la evidencia fue erróneamente admitida a pesar de la oportuna y correcta objeción de la parte perjudicada por la admisión; y (2) el tribunal que considera el efecto de la*

*admisión errónea entiende que ésta fue factor decisivo o sustancial en la sentencia o decisión cuya revocación se solicita.* " De conformidad con dicha regla, corresponde a la parte afectada demostrar que ante el foro de instancia interpuso oportuna y correcta objeción al momento de ser presentada la pieza de evidencia, para que este Tribunal pueda evaluar si dicha admisión errónea constituye un factor decisivo o sustancial en la sentencia cuya revocación solicita.

En el presente caso, no surge de la transcripción del juicio que el apelante objetara durante el juicio la parte del testimonio que ahora impugna en apelación. El apelante no objetó oportunamente las expresiones de Cruz sobre lo informado por el mecánico Jaime Martínez. Caribbean Marine pudo haber objetado oportunamente si entendía que dichas expresiones eran prueba de referencia, pero no lo hizo. Por el contrario, esperó a su turno para contrainterrogar a Cruz sobre dichas expresiones. Por lo tanto, está impedido de levantar dicha objeción por primera vez en apelación, *Pueblo v. Rivero, Lugo y Almodóvar, supra*, a las páginas 475-476.

No obstante, nos corresponde también considerar las disposiciones de la Regla 6 de Evidencia, *supra*, la cual indica que nada de lo dispuesto en la Regla 4, *supra*, impedirá que un tribunal apelativo considere errores crasos y perjudiciales de admisión de evidencia, a pesar de no haber mediado oportuna objeción, cuando el no corregir dichos errores resulte en un fracaso de la justicia. Nos confrontamos, entonces, con la interrogante de si la admisión de la referida evidencia constituyó un error tan craso y perjudicial que, de no revocarse, resultaría en un fracaso de la justicia. *Pueblo v. Ruiz Bosch*, 127 D.P.R. 762, 783-784 (1991). No pensamos que esa sea la situación.

Luego de examinar y analizar cuidadosamente la transcripción del juicio, estamos convencidos que la sentencia apelada debe ser sostenida. A pesar de la admisión en evidencia de prueba de referencia, a la luz de la totalidad de las circunstancias, la sentencia es correcta en derecho y fue emitida en un proceso justo e imparcial con las garantías del debido procedimiento de ley. La admisión del testimonio de Cruz referente a las expresiones de Martínez, ante los hechos que nutren este caso, no constituye un error que implique la revocación de la sentencia. Además, este caso trata de un juicio por tribunal de derecho y no por jurado. El juez, por ser un técnico del derecho, es capaz de hacer sus juicios valorativos de la totalidad de la prueba desfilada en lugar de ser influenciado desmedidamente por un elemento aislado de ésta.

## IV

En el cuarto señalamiento de error, Caribbean Marine aduce que el Tribunal de Primera Instancia desacertó al imponer el pago de $2,500.00 por daños y perjuicios. No le asiste la razón.

El Artículo 1373 del Código Civil, 31 L.P.R.A. Sección 3841, dispone que: el vendedor está obligado al saneamiento por los defectos ocultos que tenga la cosa vendida, si la hacen impropia para su uso o si disminuyen su uso de tal modo que, de haberlos conocido el comprador, no la habría adquirido o habría pagado menos por ella. El vendedor responde al comprador del saneamiento por los vicios o defectos ocultos en la cosa vendida, aunque los ignorase, Artículo 1374 del Código Civil, 31 L.P.R.A. Sección 3842. El Artículo 1375 del Código Civil, 31 L.P.R.A. Sección 3843, aclara que en esos casos, el comprador puede optar entre desistir del contrato, abonándosele los gastos que pagó, o rebajar una cantidad proporcional del precio, a juicio de peritos. Además, si el vendedor conocía los vicios o defectos ocultos de la cosa vendida y no los manifestó al comprador, éste tiene la misma opción de desistir del contrato o abonársele lo que pagó, con la diferencia de que tendrá derecho a indemnización por los daños y perjuicios, si opta por la rescisión del contrato. Por tanto, el Tribunal de Primera Instancia no abusó de su discreción al imponer al demandado el pago de una indemnización por daños.

En cuanto a la estimación y valoración de daños, los foros apelativos también debemos abstenernos de intervenir respecto a las cantidades concedidas por el foro de instancia, a menos que éstas sean ridículamente bajas o exageradamente altas. Las acciones de daños y perjuicios bajo el Artículo 1802 del Código Civil, 31 L.

P.R.A. Sección 5141, tienen un propósito reparador y no punitivo. Corresponde a los tribunales la difícil y angustiosa tarea de estimar y valorar las partidas de daños correspondientes, la cual descansa en el ejercicio discrecional, prudente y razonable del juzgador de hechos, animado por un sentido de justicia y de conciencia humana. Nuestro deber es procurar que el perjudicado sea resarcido de forma justa y razonable, sin que al indemnizar al demandante, el demandado resulte castigado indirectamente, *S.L.G. v. Nationwide Ins. Co.,* 156 D.P.R. ____ (18 abril 2002); **2002 J.T.S. 61**, a la página 1010; *Cotto Morales v. Ríos,* 140 D.P.R. 604, 626 (1996).

En el presente caso, luego de examinar cuidadosamente la prueba presentada por las partes, concluimos que la cantidad concedida en daños no es demasiado alta ni muy baja.

## V

En el quinto señalamiento de error, Caribbean Marine aduce que erró el Tribunal de Primera Instancia al imponer honorarios de abogados por temeridad. Esta alega que lo único que hizo fue presentar su defensa debido a que Cruz quiso sacar provecho de un error clerical para requerir una motora modelo SLTX-1050.

El Inciso (d) de la Regla 44.1 de Procedimiento Civil, *supra*, dispone, en lo referente a los honorarios de abogados, que: *"en caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta."* Esta regla obliga al tribunal a imponer honorarios de abogado a la parte perdidosa, una vez haya realizado una determinación inicial de temeridad. Dicha determinación descansa en la sana discreción del tribunal sentenciador. *Elba A.B.M. v. U.P.R.,* 125 D.P. R. 294, 328-329 (1990). El propósito principal de esta Regla es penalizar o sancionar a aquellas partes que por su temeridad, obstinación, contumacia e insistencia en una actitud frívola o desprovista de fundamento, obliguen a la otra parte a asumir y sufrir las molestias, gastos, trabajos e inconveniencias de un litigio innecesario. Mediante este mecanismo, los tribunales protegen a los litigantes honestos de imposiciones, dilaciones y gastos innecesarios. *Miranda v. E.L.A.,* 137 D.P.R. 700, 719-720 (1994).

Aunque el concepto de temeridad no está expresamente definido por la Regla 44.1, *supra*, a través de la jurisprudencia, el mismo ha sido delimitado como la actitud proyectada sobre el procedimiento, la cual afecta el buen funcionamiento y administración de la justicia, *Elba A.B.M. v. U.P.R., supra*, a la página 329. Por ejemplo, en *Fernández v. San Juan Cement Co., Inc.,* 118 D.P.R. 713, 718-719 (1987), quedó establecido que existe temeridad cuando el demandado; (1) contesta una demanda y niega su responsabilidad total, aunque la acepte posteriormente; (2) se defiende injustificadamente de la acción; (3) no admite francamente su responsabilidad, a pesar de que la única razón que tiene para oponerse a la demanda es que considera la cuantía exagerada; (4) litiga un caso del cual surge a *prima facie* su negligencia; o (5) niega un hecho que le consta ser cierto.

En el caso de autos, el Tribunal de Primera Instancia impuso honorarios de abogado por considerar que los demandados fueron temerarios. Al evaluar la transcripción de los procedimientos, los alegatos de las partes, la prueba presentada y la sentencia emitida, concordamos en que Caribbean Marine fue temeraria al litigar un caso del cual surge claramente su responsabilidad. Por tanto, concluimos que el error señalado no fue cometido.

## VI

Por último, Caribbean Marine reclama que el Tribunal de Primera Instancia no aplicó la doctrina de mitigación de daños. Sin embargo, tampoco erró el foro *a quo* al no concluir que Cruz omitió mitigar daños.

La doctrina de mitigación de daños postula el deber que tiene una persona que sufre perjuicios de adoptar aquellas medidas razonables pertinentes y a su alcance tendente a reducir el monto de los mismos. Al igual que otras normas de derecho, su virtualidad y extensión hay que evaluarla a la luz de las circunstancias particulares

de cada caso. No existe una fórmula mágica ni matemática que permita aplicarla con facilidad. *Fresh-O-Baking Co. v. Molinos de P.R.,* 103 D.P.R. 509, 520-521 (1975).

En el caso de autos, Cruz llevó la motora acuática a reparar en más de nueve ocasiones a Caribbean Marine y a pesar de las distintas intervenciones de las que fue objeto, los desperfectos mecánicos continuaron. El hecho de que al Cruz advenir en conocimiento de que el motor de la motora era modelo SLTX-900 y no SLTX-1050, reclamara una motora modelo SLTX-1050 o la devolución del dinero, no puede ser óbice para concluir que éste incumplió con su deber de mitigar daños, máxime cuando hasta ese momento los mecánicos de la apelante no habían podido reparar el *"jet ski"* de manera satisfactoria.

La doctrina de mitigación de daños sólo exigía que Cruz tomara las medidas razonables para evitar que la unidad sufriera mayor daño del que hasta ese momento había sufrido, y de la prueba no surge que la motora haya sufrido daños adicionales a los desperfectos mecánicos que ya tenía. Por tanto, Cruz no incumplió con su deber de mitigar daños.

## VII

En atención a lo anteriormente expresado, **CONFIRMAMOS** la Sentencia apelada.

El Juez Rodríguez Muñiz concurre sin opinión escrita.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General