Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *PASCUAL CRUZ CINTRÓN*<br><br>*Apelado*<br><br><br>v.<br><br><br>LIMARIE RODRÍGUEZ CORREA<br><br>*Apelante* | KLCE202400010[1] | *Certiorari* **acogido como Apelación** procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J DI2012-0549<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente; el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2024.

Comparece la señora Limarie Rodríguez Correa (señora Rodríguez Correa o apelante), mediante recurso de *Certiorari*[2] presentado el 3 de enero de 2024, en el cual nos solicita que revoquemos la *Resolución* emitida el 8 de diciembre de 2023, notificada el 21 de diciembre de 2023[3], por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante el aludido dictamen, el TPI, entre otras cosas, declaró *No Ha Lugar* una solicitud de reconsideración instada por el señor Pascual Cruz Cintrón (señor Cruz Cintrón o apelado).

Por los fundamentos que exponemos a continuación, **confirmamos** el dictamen apelado**.**

---

[1] El caso de epígrafe se asigna a este Panel Especial conforme a la Orden Administrativa OAJP-2021-086, emitida el 4 de noviembre de 2021, con efectividad a partir del 10 de enero de 2022.

[2] Acogemos el recurso de *certiorari* como una apelación por ser el mecanismo adecuado para la revisión de la determinación recurrida. Sin embargo, por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.

[3] La Resolución impugnada del 8 de diciembre de 2023, provine del dictamen emitido el 22 de septiembre de 2022 el cual acogió el Acta-Informe que preparo la examinadora de pensión alimentaria.

**I.**

Según surge del expediente ante nuestra consideración, el 25 de junio de 2021, el señor Cruz Cintrón presentó una solicitud de alimentos. En consecuencia, el 25 de agosto de 2022, se celebró una vista mediante videoconferencia ante la Examinadora de Pensiones Alimentarias (EPA) para la recomendación de una pensión alimentaria provisional. A la referida vista comparecieron ambas partes junto a sus respetivas representantes legales.

En esta misma fecha, la EPA preparó un *Acta-Informe*[4], en el que recomendó que se declarara ha lugar la solicitud de alimentos presentada por el señor Cruz Cintrón. Como parte de las determinaciones de hechos, la EPA consignó lo siguiente:

> Las partes procrearon el menor P.C.R., quien nació el 27 de febrero de 2002, tiene 20 años y reside con papá. El menor tiene cubierta médica de un plan de salud privado aportado por papá.

> La persona no custodia no informa ingreso alguno en su PIPE. Surge de su planilla que está desempleada. Indica que hace trabajos como gestora e informa un ingreso de $650. Mamá tiene un bachillerato en Administración Empresarial. De acuerdo con las Estadísticas de Empleo, este tipo de profesión genera un ingreso máximo mensual de $4,899.17; un ingreso intermedio mensual de $3,912.50; y un ingreso mínimo mensual de $3,056.66. Para efectos de la imputación y poder establecer una pensión alimentaria provisional usaremos el ingreso mínimo de $3,056.66 al que le deduciremos el Seguro Social Federal y el 7% de contribución sobre ingresos.

> Conforme a lo establecido en el Artículo 10 (1)(b) de las Guías Mandatorias para Computar las Pensiones Alimentarias en Puerto Rico, Reglamento 8529 del 30 de octubre de 2014, se le imputa a mamá capacidad para generar un ingreso neto mensual de $2,068.86.

> La persona custodia trabaja como operador en Ecoeléctrica. Devenga un ingreso bruto mensual de $8,816.09. Realizadas las correspondientes deducciones mandatorias, recibe un salario neto legal de $6,818.78.

Particularmente, la EPA concluyó que el ingreso neto combinado de ambas partes era de $9,427.64 del cual le correspondía aportar a la persona no custodia un 27.67% y a la persona custodia un 72.33%. Por tanto, recomendó que se le

---

[4] Véase apéndice del recurso, págs. 4-5.

estableciera a la señora Rodríguez Correa, persona no custodia, una pensión alimentaria provisional básica de $458.26 mensuales. Además, que la pensión debía ser retroactiva al 25 de junio de 2021 y se debía comenzar a pagar desde el 1 de septiembre de 2022. Por último, indicó que del 25 de junio de 2021 al 31 de agosto de 2022 surgió una deuda de $7,009.49 que la señora Rodríguez Correa estaba obligada a satisfacer mediante pagos de $200 mensuales hasta el saldo de la deuda.

En virtud de lo anterior, el 22 de septiembre de 2022, el TPI emitió y notificó una *Resolución*[5] en la que hizo formar parte el *Acta-Informe* que preparó la EPA. Asimismo, aceptó la recomendación de la EPA en cuanto a la cuantía de la pensión alimentaria. Sin embargo, el TPI no sostuvo la recomendación en cuanto a la forma de pago. Por ende, el TPI estableció la cuantía de pensión alimentaria provisional de $458.26 mensuales, que se le debía imponer a la señora Rodríguez Correa y, a su vez, declaró Ha Lugar la solicitud de alimentos que presentó el señor Cruz Cintrón. Referente a la deuda de $7,009.49 por concepto del retroactivo del 25 de junio de 2021 al 31 de agosto de 2022, se establece un plan de pago de $200.00 a la parte aquí peticionaria.

En desacuerdo con la referida determinación, el 7 de octubre de 2022, el señor Cruz Cintrón presentó un escrito intitulado *Solicitud de Desacato, Reconsideración e Imposición de Honorarios de Abogado*[6]. Alegó que la apelante no había cumplido con su obligación de pago, según ordenado por el Tribunal. Ante ello, solicitó que se reconsiderara el plan de pago de la deuda de $7,009.49 que le correspondía pagar a la señora Rodríguez Correa. Particularmente, solicitó al TPI que emitiera una orden, so pena de desacato, para que la apelante pagara la suma de $3,505.00 en el

---

[5] Véase apéndice del recurso, págs. 2-3.
[6] Véase apéndice del recurso, págs. 7-8.

término de treinta (30) días y en treinta (30) días adicionales la cantidad restante de $3,505.00 para satisfacer la deuda antes descrita. Por último, solicitó la imposición de honorarios de abogado en una suma no menor de $1,500.00 a pagarse en diez (10) días.

Así las cosas, el 8 de diciembre de 2023, notificada el 21 del mismo mes y año, el TPI emitió una *Resolución* declarando No Ha Lugar a la moción de Reconsideración presentada por la parte apelante.

El 3 de enero de 2024, la apelante acudió ante nos mediante el recurso de epígrafe, en el que señaló al TPI la comisión de los siguientes errores:

Primer Error: Erró la Oficial Examinadora de Pensiones del TPI, al celebrar la vista de pensión contra la demandada-recurrente.

Segundo Error: Erró la Oficial Examinadora de Pensiones del TPI, al celebrar la vista de pensión contra la demandada-recurrente y abusar de su poder y discreción.

Tercer Error: Erró la Oficial Examinadora de Pensiones del TPI, al determinar y establecer en la vista de pensión ilegal, custodia monoparental del menor a favor del padre sin jurisdicción o poder para ello.

Cuarto Error: En la alternativa, erró la Oficial Examinadora de Pensiones del TPI, al recomendar una pensión alimentaria contra la demandada e imputarle un salario, cuando se apartó y obvió totalmente las *Guías Mandatorias Para Computar Las Pensiones Alimentarias en Puerto Rico*, reglamento 8529, del 30 de octubre de 2014, según enmendado.

Quinto Error: Erró el TPI al dictar *Resolución* aprobando el ACTA – INFORME de la Oficial Examinadora de Pensiones y establecer una pensión alimentaria a la parte aquí recurrente, basado en la PIPE del demandante e imputar un salario a la demandada exagerado, sin prueba suficiente, confiable y/o sin considerar el récord del Tribunal y obviamente sin ninguna base o fundamento en hecho ni derecho.

Sexto Error: Erró el TPI al dictar *Resolución* aprobando el ACTA – INFORME de la Oficial Examinadora de Pensiones cuando se violó el debido proceso de ley en la vista y por la determinación.

Séptimo Error: Erró el TPI al dictar *Resolución* aprobando el ACTA – INFORME de la EPA y establecer una pensión alimentaria cuando medió una mala apreciación de la prueba.

Octavo Error: Erró la Oficial Examinadora de Pensiones del TPI, y el TPI, en la apreciación del aprueba. [sic]

El 12 de enero de 2024, emitimos una *Resolución* en la que le concedimos al apelado hasta el 22 de enero de 2024 para presentar su posición en torno al recurso de epígrafe. Vencido el término para ello, sin que la parte apelada se expresara, declaramos perfeccionado el presente recurso y procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**-A-**

En nuestro ordenamiento jurídico, la obligación de los progenitores de brindar alimentos a los menores de edad es parte esencial del derecho a la vida consagrado en la Sec. 7 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1[7]. Por tal razón, los casos de alimentos de menores de edad están revestidos del más alto interés público[8]. Del mismo modo, la pensión alimentaria debe estar fundamentada en las necesidades de los menores de edad, considerando siempre todas las circunstancias del caso, lo cual incluye el estilo de vida de sus progenitores[9]. Esto conlleva hacer un balance entre los intereses del menor y la capacidad económica de los responsables de costear sus necesidades[10].

Con el propósito de agilizar los procedimientos de la reclamación de alimentos, la Ley Núm. 5-1986, según enmendada, conocida como la *Ley Orgánica de la Administración para el Sustento de Menores*[11] (Ley Núm. 5-1986), ordenó la creación y la adopción de unas guías que ayudaran a determinar y modificar las pensiones alimentarias de manera uniforme de acuerdo con el poder económico de cada progenitor y las necesidades del alimentista[12].

---

[7] *Martínez v. Rodríguez*, 160 DPR 145 (2003).
[8] *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 738 (2009).
[9] *Ferrer v. González*, 162 DPR 172, 180 (2004).
[10] *Pesquera Fuentes v. Colón Molina*, 202 DPR 93, 108 (2019).
[11] 8 LPRA sec. 501 *et seq.*
[12] 8 LPRA sec. 518.

Cónsono con ello, se aprobaron las *Guías mandatorias para fijar y modificar pensiones alimentarias en Puerto Rico,* según enmendadas, aprobadas mediante el Reglamento 8529 de 30 de octubre de 2014 (Guías Mandatorias), cuyo propósito es uniformar y facilitar el cálculo de las pensiones alimentarias para menores basándose en criterios numéricos y descriptivos[13].

Como parte del proceso evaluativo para computar la pensión alimentaria, las Guías Mandatorias establecen la manera en que se calculará el ingreso bruto anual de la persona custodia y el de la persona no custodia. A estos efectos, el Artículo 10 sostiene que el juzgador le imputará ingresos a la persona custodia o a la persona no custodia, cuando: existan indicios o señales de que el ingreso es mayor al que la persona informa; la persona está desempleada; la persona está trabajando a tiempo parcial y el ingreso que recibe es menor al salario mínimo federal prevaleciente en Puerto Rico a base de cuarenta (40) horas semanales; la persona cuenta con un ingreso bruto mensual menor al salario mínimo federal prevaleciente en Puerto Rico a base de cuarenta (40) horas semanales; la persona haya reducido su capacidad productiva para eludir la responsabilidad de alimentar o haya sido despedida de su empleo por causas imputadas a esta.

La definición de ingreso imputado establecido por la Guías Mandatorias surge del mandato de la Ley Núm. 5-1986, *supra,* en cuanto a los factores que el juzgador debe considerar para determinar si la pensión computada se ajusta a la verdadera situación material del alimentante[14]. Asimismo, las Guías Mandatorias establecen cómo asignar tales ingresos imputados. A estos efectos, la referida reglamentación establece que:

> (1) Se imputará el salario mínimo federal prevaleciente en Puerto Rico a base de 40 horas semanales o una cantidad

---

[13] Art. 3 de las Guías Mandatorias, *supra.*
[14] *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623, 632 (2011).

mayor según la totalidad de la prueba que reciba el juzgador o la juzgadora. Al momento de imputar una cantidad mayor al salario mínimo federal, el juzgador o la juzgadora podrá considerar los factores siguientes: la empleabilidad de la persona custodia o la de la persona no custodia, su historial de trabajo, los ingresos devengados anteriormente, su profesión y preparación académica, su estilo de vida, los gastos en los que la persona incurre, la naturaleza y cantidad de las propiedades con las que cuenta, la realidad de la economía informal, el ingreso promedio del oficio, ocupación o profesión y cualquier otra prueba pertinente.

(2) En los casos en los que se demuestre que la persona redujo su capacidad productiva con el fin de eludir su responsabilidad de alimentar o haya sido despedida de su empleo por causas imputadas a esta, se le imputará el salario mínimo federal prevaleciente en Puerto Rico a base de 40 horas semanales o el último salario devengado por la persona, lo que resulte mayor.

[...][15].

Por último, es preciso mencionar que el Artículo 17 de la Ley Núm. 5-1986, *supra*, dispone sobre el procedimiento judicial expedito para las órdenes provisionales de pensión alimentaria. Este artículo establece que:

[E]l Examinador recomendará la fijación de una pensión alimentaria provisional cuando, a solicitud de cualesquiera de las partes o por alguna razón, se disponga la posposición de una vista, faltare alguna información o prueba, se refiera el caso al juez o se transfiera el caso a otra sala o sección del tribunal, o cuando las necesidades del alimentista sean tan urgentes que así se requiera, excepto en los casos en que la paternidad del alimentista esté en controversia. No obstante, aun en los casos en que la paternidad está en controversia, de existir evidencia clara y convincente sobre paternidad que esté fundamentada en prueba genética de paternidad o cualquier otra evidencia admisible demostrativa de paternidad, deberá emitirse la orden de pensión alimentaria provisional. **La pensión provisional permanecerá en vigor hasta que el juez haga una nueva determinación o dicte una resolución. La pensión provisional será retroactiva al momento en que fue solicitada judicialmente**.[16] (Énfasis nuestro).

**-B-**

Es norma reiterada que los foros apelativos no debemos intervenir con la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos de los tribunales de primera instancia[17]. Esta deferencia hacia el foro primario responde

---

[15] Art. 12 de las Guías Mandatorias, *supra*.
[16] 8 LPRA sec. 516.
[17] *ELA v. SLG Negrón-Rodríguez*, 184 DPR 464, 486 (2012); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007).

al hecho de que el juzgador de instancia es quien tiene la oportunidad de recibir y apreciar toda la prueba oral presentada, de escuchar la declaración de los testigos y evaluar su *demeanor* y confiabilidad[18].

Sin embargo, de manera excepcional este Tribunal puede intervenir con la apreciación de la prueba testifical y las determinaciones de hechos del juzgador de instancia, cuando este último haya actuado con pasión, prejuicio o parcialidad, o hubiese incurrido en error grave o manifiesto al aquilatar la prueba[19]. Sobre este particular, somos conscientes de que "[e]l arbitrio del juzgador de hechos es respetable, mas no es absoluto. Una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de este Tribunal"[20]. En tales instancias, podemos apartarnos de los criterios de abstención judicial sobre la deferencia debida a los foros primarios, para instituir nuestra apreciación y juicio evaluativo de los asuntos de referencia.

### III.

Luego de un minucioso examen del expediente apelativo y la doctrina previamente expuesta, consideramos que no incidió el foro primario al acoger el Informe de la EPA, en el cual se recomendó que se estableciera una pensión alimentaria provisional básica de $458.26 mensuales. Los argumentos esbozados por la señora Rodríguez Correa, en cuanto a que el proceso de adjudicación de pensión alimentaria provisional y la aprobación del Informe por parte del TPI fueron contrarios al debido proceso de ley, no nos convencen. Procedemos a discutir los señalamientos de error primero, segundo, cuarto, quinto, sexto, séptimo y octavo de manera conjunta por estar estrechamente relacionados.

---

[18] *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 67 (2009); *López v. Dr. Cañizares*, 163 DPR 119, 135 (2004).
[19] *Quiñones López v. Manzano Pozas*, 141 DPR 139, 152 (1996).
[20] *Vda. de Morales v. De Jesús Toro*, 107 DPR 826, 829 (1978).

En el presente caso, no estamos ante unos hechos que nos lleven a concluir que la señora Rodríguez Correa fuese privada del debido proceso de ley al celebrarse la vista de alimentos ante la EPA. A dicha vista comparecieron ambas partes junto a sus representantes legales, quienes tuvieron la oportunidad de exponer sus respectivos argumentos[21]. Dicho procedimiento fue celebrado **con el fin de establecer una pensión alimentaria provisional**, conforme con la facultad que otorga la Ley Núm. 5-1986, *supra*[22]. La normativa precitada es clara y libre de ambigüedades, al establecer la autoridad que posee la Oficial Examinadora para la celebración de una vista y recomendar al Tribunal una pensión alimentaria provisional a favor de menores de edad en circunstancias como las presentes en el caso de autos.

El Tribunal Supremo de Puerto Rico ha señalado que para poder determinar la capacidad económica de cada alimentante es necesario tomar en cuenta la totalidad de los ingresos que éste devengue. Ello, sin limitaciones a lo que aparezca informado en la Planilla de Información Personal y Económica (PIPE). Lo anterior, implica que el foro de instancia no está limitado a apreciar sólo la evidencia documental o testifical en torno a los ingresos. Este foro habrá de considerar la capacidad de generar ingresos del alimentante, su profesión y preparación académica, su estilo de vida, los gastos en los que la persona incurre, el ingreso promedio del oficio, ocupación o profesión y cualesquiera otras fuentes de ingreso. Además, como bien indicáramos anteriormente, en esos casos se les podría imputar el salario mínimo federal a base de cuarenta (40) horas semanales, el último salario devengado o una cantidad que el juzgador entienda razonable[23].

---

[21] Véase Apéndice 18 del recurso.
[22] 8 LPRA sec. 501, 506, *et seq.*
[23] Véase Art. 7 de las Guías Mandatorias.

Examinada la transcripción de la vista celebrada el 25 de agosto de 2022 ante la EPA, encontramos que la EPA, luego de escuchar los argumentos de las partes, determinó lo siguiente:

> [...] Por lo pronto lo que voy a hacer es que voy a establecer la [pensión] básica. Le imputaré a mamá conforme a lo que se ha informado que tiene bachillerato en Administración [E]mpresa y veré el ingreso que surge en la planilla de papá porque estaba verificando eso y ahora entiendo por qué de lo dicho de la compañera[24].

> [...]

> Lcda. Aponte: [E]xaminadora en la planilla se puso la W-2 y se existen seis (6) o siete (7) este talonarios que también se dejaron para colaboración de los planes médicos y de las cosas[25].

> EPA: Lo que pasa es y la que tengo aquí es del 23 de junio y no tiene, no tiene W-2, ni tiene talonario...[26]

> Lcda. Aponte: ... lo sometimos Juez y en el paquete complementario creo que también se recurrió[27].

> EPA: [...] Pues puede ser que esté ahí, pero yo, lo que voy a hacer es verificar como, como le digo como va [a ser] provisional voy a tomar... la información. La de mamá... he verificado que está en cero, estaba desempleada, no sabía no puso tampoco la profesión, pero, ya se informó que tiene un Bachillerato en Administración de Empresas[28].

> [...]

> Limarie Rodríguez: Buenas tardes, ehh Bachillerato en Empresarismo[29].

> EPA: En Empresarismo[30].

> Limarie Rodríguez: En Empresarismo, soy gestora se colocó[31].

> [...]

> EPA: ... ¿Tiene una concentración en qué? Perdóneme. Ajá, mamá dígame[32].

> Limarie Rodríguez: Se colocó en la planilla que tengo un trabajo que es parcial es de gestora y son seiscientos cincuenta...[33]

> Lcda. Aponte: ...no Juez en la planilla no pusieron nada no pusieron nada...[34]

---

[24] Véase apéndice 18 del recurso, pág. 122.
[25] Véase apéndice 18 del recurso, pág. 123.
[26] *Íd.*
[27] Véase apéndice 18 del recurso, pág. 124.
[28] *Íd.*
[29] Véase apéndice 18 del recurso, pág. 125.
[30] *Íd.*
[31] *Íd.*
[32] *Íd.*
[33] *Íd.*
[34] *Íd.*

EPA: …no dice nada, mamá…

[…]

EPA: … lo que me impone la Ley bajo el artículo 17 establecer la pensión provisional. Tengo las dos partes aquí no hay ninguna razón para la que no se establezca la pensión. [35].

Lcda. Díaz: … esto al ser provisional en estos momentos no se va a determinar ninguna retroactividad porque provisional por ser exactamente prospectiva para que se establezca una pensión y tenga alimentos[36].

EPA: No, lo que pasa que si es la básica puede ser retroactiva lo que no puedo estable porque es básica…

[…]

Lcda. Díaz: Nuestra solicitud es que sea una provisional y que sea prospectiva porque yo entiendo que…[37]

Lcda. Aponte: no, no, no nuestra solicitud es nuestra solicitud es que es contrario y conforme a derecho[38]

[…]
EPA: … ¿Tienen descubrimiento de prueba pendiente? ¿Sí?[39]

Lcda. Díaz: Eso es correcto.

Lcda. Aponte:  Si.

En vista de lo anterior, razonamos que actuó correctamente la EPA al imputar a la señora Rodríguez Correa un salario mínimo conforme disponen las Guías Mandatorias. Cabe mencionar que la representación legal de la señora Rodríguez Correa no presentó objeción o argumento alguno cuando la EPA determinó que la señora Rodríguez Correa no informó ingreso económico en la PIPE. Tampoco se demostró que existiera alguna circunstancia que impidiera imputarle ingresos a la señora Rodríguez Correa, según disponen las Guías Mandatorias.

En síntesis, tomando en cuenta los hechos particulares del caso y con el propósito de velar por el bienestar del menor de edad - en aquel entonces-, para quien no existía una determinación de pensión alimentaria, el TPI ordenó la pensión alimentaria

---

[35] Véase apéndice del recurso, págs. 127.
[36] Véase apéndice del recurso, págs. 132.
[37] Véase apéndice del recurso, págs. 133
[38] *Íd.*
[39] Véase apéndice del recurso, págs. 140.

provisional a favor de éste, luego de salvaguardar sus derechos. Cabe mencionar que la pensión alimentaria provisional es una temporera, establecida para cubrir las necesidades de los menores alimentistas hasta tanto la pensión alimentaria final sea dilucidada[40]. Por ende, significa que la evaluación a realizarse para determinar la cuantía a ser pagada como pensión alimentaria final es distinta a la efectuada para la pensión alimentaria provisional.

Por último, en cuanto al tercer error esbozado, la señora Rodríguez Correa solicita nuestra intervención porque entiende que la EPA determina y establece en la vista de pensión de forma ilegal la custodia monoparental del menor de edad a favor del padre, esto sin jurisdicción o poder para ello. Al examinar detenidamente el legajo apelativo, colegimos que el 22 de septiembre de 2022 al emitir la *Resolución* aquí impugnada el TPI no hizo una determinación de custodia monoparental. Es norma reiterada que los tribunales apelativos se circunscriben a considerar controversias que hayan sido planteadas o resueltas por el foro *a quo*. Ante ello, que este señalamiento de error no fue cometido.

En fin, razonamos que el TPI actuó dentro de su discreción judicial, sustentado en una base razonable que no resulta perjudicial a los derechos sustanciales de la apelante. Es norma establecida que un tribunal apelativo no debe intervenir con las determinaciones de hechos, la apreciación de la prueba y las adjudicaciones de credibilidad efectuadas por el tribunal sentenciador, salvo que este haya incurrido en error manifiesto, pasión, prejuicio o parcialidad[41]. Dicho principio está cimentado en que las decisiones del foro primario están revestidas de una presunción de corrección y regularidad, de manera que merecen

---

[40] Véase Art. 17 de la Ley Núm. 5-1986, *supra.*
[41] *Trinidad v. Chade,* 153 DPR 280 (2001).

nuestra deferencia[42]. Es por todo lo anterior que cabe confirmar el dictamen apelado por la señora Rodríguez Correa.

**IV.**

Por los fundamentos que anteceden, **confirmamos** el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[42] *Pueblo v. Rivera Nazario*, 141 DPR 865 (1996).